# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CALVIN BUTLER, | ) |
| Plaintiff, | ) Civil Action No. 2:13-243 |
| v. | ) District Judge Nora Barry Fischer |
| | ) Magistrate Judge Cynthia Reed Eddy |
| JOHN WETZEL; *ET. AL*; | ) |
| Defendant. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that Plaintiff's Complaint be dismissed with prejudice in accordance with the screening provisions promulgated in the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted and it would be futile to allow Plaintiff to file an amended complaint in this matter.

### II. REPORT

Plaintiff, Calvin Butler, commenced this action against various officials at the Pennsylvania Department of Corrections (DOC) claiming that they were deliberately indifferent to his medical needs. For the reasons set forth below, the Complaint fails to state a claim upon which relief may be granted and it would be futile to allow Plaintiff to file an amended complaint in this matter.

#### A. Standard of Review

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody. The authority granted to federal courts for *sua sponte* screening and dismissal of

prisoner claims in that Act is applicable to this case. Specifically, Congress enacted a new statutory provision at 28 U.S.C. § 1915A, entitled "Screening," which requires the court to review complaints filed by prisoners seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). If the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief," the court must dismiss the complaint. 28 U.S.C. § 1915A(b).

Further, the PLRA substantially amended the Civil Rights of Institutionalized Persons Act, 42 U.S.C.A. § 1997e. In this regard, the PLRA amended section 1997(c) to require the court "on its own motion or on the motion of a party" to dismiss any action brought by a prisoner with respect to prison conditions under 42 U.S.C. § 1983 if the action is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." *See* 42 U.S.C. § 1997e(c)(1).

Plaintiff is considered a "prisoner" as that term is defined under the PLRA and he is seeking redress against employees of the State of Pennsylvania, a governmental entity. In addition, his claims concern prison conditions. Thus his allegations must be reviewed in accordance with the screening provisions of the PLRA. In reviewing complaints under the screening provisions of the PLRA, a federal court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Dodrill, 696 F.Supp.2d 454, 471 (M.D. Pa. 2010). To withstand a motion to dismiss, a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v.Twombly, 550 U.S. 554, 556 (2007) (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Notwithstanding, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v.

Kerner, 404 U.S. 519, 520 (1972). In a § 1983 action, the court must liberally construe the *pro se* litigant's pleadings and apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name. Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quotation omitted).

## B. Plaintiff's Allegations

Plaintiff contends that while incarcerated at the Correctional Institution at Mercer (SCI-Mercer), Defendants failed to provide timely and appropriate medical treatment for his pre-existing Hepatitis C Condition. Specifically, Plaintiff contends that Defendants were deliberately indifferent to his serious medical needs when they denied him participation in the Hepatitis C protocol. In this regard, on October 13, 2012, Plaintiff wrote several request slips inquiring about the availability of treatment for his Hepatitis C. In response, he was told that DOC policy requires that in order to be eligible for Hepatitis C treatment, an inmate must have a minimum of twelve to eighteen months left to serve on his minimum sentence. Because Plaintiff's minimum sentence had expired, he was told that he would have to agree to serve his maximum sentence and not seek parole in order to be eligible for the treatment (ECF No. 1-3).

## C. Liability under 42 U.S.C. § 1983

Plaintiff seeks recovery in this action under 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-331 (1986). There is no question that the Defendants were acting under color of state law with respect to the actions alleged in the Complaint. Therefore, the issue is whether Plaintiff has alleged a violation

of any right under federal law.

Plaintiff's claim concerning his medical treatment invokes the protections of the Eighth Amendment, as applied to the states through the Fourteenth Amendment. In order to make out a *prima facie* case that a prison official's actions violate the Eighth Amendment's prohibition against cruel and unusual punishment, an inmate must show two elements. First, a prisoner must show that the condition, either alone or in combination with other conditions, deprived him of "the minimal civilized measure of life's necessities," or at least a "single, identifiable human need." Wilson v. Seiter, 501 U.S. 294 (1991) (citing Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Second, an inmate must demonstrate deliberate indifference to prison conditions on the part of prison officials. Farmer v. Brennan, 511 U.S. 825 (1994); Wilson, 501 U.S. at 297; Rhodes, 452 U.S. at 347.

The Supreme Court has explained that the first showing requires the court <u>objectively</u> to determine whether the deprivation of the basic human need was "sufficiently serious."

> [E]xtreme deprivations are required to make out a conditions-of-confinement claim. Because routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation.

Hudson v. McMillan, 503 U.S. 1, 9 (1992) (internal citation omitted).

The second prong requires a court <u>subjectively</u> to determine whether the officials acted with a sufficiently culpable state of mind. *Id.* *Accord* Wilson, 501 U.S. at 297. Recently, the Supreme Court clarified the proper test for determining when correctional officials act with "deliberate indifference."

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be

4

> aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference . . . . The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments."

Farmer, 511 U.S. at 837. Furthermore, "prison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause." Id. Thus, a prison official may be held liable under the Eighth Amendment only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.

What is required to prove an Eighth Amendment violation "varies according to the nature of the alleged constitutional violation." Hudson v. McMillian, 503 U.S. 1, 5 (1992). To state an Eighth Amendment violation in the context of medical treatment, an inmate must show prove two elements: 1) plaintiff was suffering from a "serious medical need," and 2) prison officials were deliberately indifferent to the serious medical need. Gamble v. Estelle, 439 U.S. 897 (1978). The first showing requires the court objectively to determine whether the medical need was "sufficiently serious." A medical need is "serious" if it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Gaudreault v. Municipality of Salem, 923 F.2d 203, 208 (1st Cir. 1990); Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). The second prong requires a court subjectively to determine whether the officials acted with a sufficiently culpable state of mind. Deliberate indifference may be manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, a denial of prescribed medical treatment, or a denial of reasonable requests for treatment that results in suffering or risk of permanent injury. Durmer v. O'Carroll, 991 F.2d 64, 68 (3d Cir. 1993).

While Plaintiff has alleged the existence of a serious medical need, he has failed to allege that Defendants were deliberately indifferent to it. The Court of Appeals for the Third Circuit specifically has held that DOC's policy concerning implementation of Hepatitis C treatment does not constitute deliberate indifference.

> Nor were the defendants deliberately indifferent to Iseley's serious medical needs when they denied him participation in the Hepatitis C protocol in 2000. The Hepatitis C treatment called for in the protocol takes one year to complete. The rationale for implementing the minimum sentence rule as part of the protocol is spelled out in the DOC's memo of February 8, 2000. See MA 127a-129a. Apparently, it is more detrimental to an inmate's health to discontinue or interrupt treatment prior to its completion, than it is to defer treatment until after his release. Thus, implementing the minimum sentence rule as a prerequisite to participation in the Hepatitis C protocol served a legitimate penological goal.

Iseley v. Dragovich, 90 F. App'x 577, 581 (3d Cir. 2004).

### III. CONCLUSION

For the reasons set forth above, it is respectfully recommended that the Complaint be dismissed with prejudice under the screening provision in the PLRA and it would be futile to allow Plaintiff to file an amended complaint in this matter.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and the Local Rules, the parties are allowed fourteen (14) days from the date of service to file written objections to this report. Any party opposing the objections shall have 14 days from the date of service of the objections to respond thereto. Failure to timely file objections will constitute a waiver of any appellate rights.

February 19, 2013

/s Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

Calvin Butler
dp0149
(Halfway House)
Gaudenzia Philly House
2100 W Venango St
Philadelphia, PA 19140